## Folz v. Zimmerman.

*Practice, C. P.—Pleading—Trespass—Assault and battery—Statement of claim.*

1. A general statement of facts which admits of almost any proof to sustain it is objectionable in pleading.

2. In an action of trespass to recover for injuries caused by an assault and battery, the statement of claim should state specifically the character of the wounds, injuries, sickness and disorder for which the compensation is claimed, the nature of the plaintiff's occupation and the emoluments alleged to have been lost.

Statutory demurrer. C. P. No. 5, Phila. Co., Dec. T., 1927, No. 1120.

*H. J. Tahl,* for plaintiff; *J. Yearsley,* for defendant.

MARTIN, P. J., Feb. 20, 1928.—The plaintiff instituted suit against the defendant in trespass and filed a statement of claim, averring that "on or about the 14th day of July, 1927, the said defendant, Charles Zimmerman, did, in the premises of 3901 North 8th Street, in the City and County of Philadelphia, in the place where the plaintiff resides, unlawfully, maliciously and without provocation, assault, beat and strike the plaintiff over his face and various other parts of his body in such a brutal manner that the plaintiff became sick, sore and disfigured; that, by reason of said assault committed by the defendant, Charles Zimmerman, the plaintiff became sick, sore and disfigured and received a severe shock to his nervous system. He has been prevented from attending to his usual occupation. He has suffered great distress of mind and pain of body. Wherefore the plaintiff, Michael Folz, claims damages in the sum of $3000."

The defendant filed an affidavit of defense raising questions of law, contending that the statement of claim is insufficient "because it fails to allege and specify, as a material fact, any means or instrumentality of the supposed assaulting, beating, striking, disfiguring, etc.," and "because it fails to specify any elements of injury or damage or loss, any occupation, loss, in any items, any wounds or disfigurement or details of costs of any medical or surgical treatment, and is in other respects vague and indefinite."

Under the Practict Act, defendant is not entitled to ask for a bill of particulars.

The objections to the statement of claim might have been raised by a rule for more specific statement; but the questions may be disposed of by these objections filed in the nature of a demurrer.

"A general statement of facts which admits of almost any proof to sustain it has always been held objectionable in pleading. . . . The principal rule as to the mode of stating the facts is that they must be set forth with certainty, by which term is signified a clear and distinct statement of facts which constitute the cause of action or ground of defense, so that they may be understood by the party who has to answer them, or the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment. . . . When the law does not necessarily imply that the plaintiff sustained damages by the act complained of, it is essential to the validity of the declaration that the resulting damage should be shown with particularity. . . . Special damage must be stated with particularity in order that the defendant may be enabled to meet the charge if it be false, and if it be not so stated, it cannot be given in evidence: 1 Chitty's Pleading, 414. . . . It must always be necessary to any regular administration of law that the plaintiff shall make a clear, distinct and intelligible statement of his claim in order that the defendant may know what he has to meet. . . . It will add to the administration

of justice to require plaintiff to state specifically the character of the wounds, injuries, sickness and disorder for which compensation is claimed, the nature of the occupation, and the emoluments alleged to have been lost:" Rogers v. Phila. R. T. Co., 22 Dist. R. 41.

And now, to wit, Feb. 20, 1928, the affidavit of defense raising question of law is sustained, and plaintiff is given fifteen days to file an amended statement of claim.